UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

Plaintiff,
vs.

$32,038.00 in U.S. CURRENCY
SEIZED ON July 25, 2013,

Defendant.

_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

PLAINTIFF, United States of America, hereby files this civil complaint for forfeiture in rem and states as follows:

1.      This is a civil action for forfeiture in rem of the defendant, $32, 038.00 in U.S. Currency seized on July 25, 2013 (hereinafter defendant currency.)

2.      Forfeiture of the defendant currency is sought for violation of 31 U.S.C. § 5316(a)(1)(B) pursuant to 31 U.S.C.§ 5317(c)(2); and for violation of 31 U.S.C. § 5332.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4.      Venue lies in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1395, as the defendant currency was seized in the Southern District of Florida and will remain in this district's control throughout the pendency of this action.

## FACTUAL ALLEGATIONS

5.      On July 25, 2013, U.S. Customs and Border Protection (CBP) officers stationed at Miami International Airport selected Ricardo Maksud for further interview as he arrived at Miami International Airport on TAM airlines flight JJ 8042 from Brasilia.

6.      On entry at primary immigration, MAKSUD presented his passport and a Portuguese-language Customs Declaration. After initial inquiry, the primary immigration officer then referred MAKSUD to secondary immigration because he seemed nervous.

7.      On his Customs declaration form, MAKSUD checked "no" in response to the question whether he was carrying more than $10,000 in currency.

8.      During his secondary interview, MAKSUD stated that he was transporting only $200, but an inspection of his backpack revealed an additional $1,311. MAKSUD then admitted to transporting $1,511, but stated that he was not transporting any more currency.

9.      The CBP officers then became suspicious of a bulge in MAKSUD's pocket and left the interview room for permission to conduct a pat-down search. After returning the agents searched the pocket and found nothing; however, they discovered an additional $50,000 in cash in MAKSUD's backpack.

10.     In a subsequent interview with HSI Agents, MAKSUD admitted to lying about transporting the approximately $50,000 despite being given multiple opportunities to tell the truth. MAKSUD stated he had taken the money to Brazil previously and was now returning with it to the United States in order to purchase a house.

FIRST ALLEGATION FOR FORFEITURE
(FAILURE TO FILE CURRENCY OR MONETARY INSTRUMENTS FORM)

11.     Plaintiff realleges the factual allegations contained in paragraphs 5 through 14, above, as if fully set forth herein.

12.     31 U.S.C. § 5317(c)(2) provides for forfeiture of any property involved in or traceable to a violation of 31 U.S.C. § 5316 or any property involved in or traceable to a conspiracy to commit any such violation.

13.     Title 31, United States Code, Section 5316(a)(1)(B) provides that

> Except as provided in subsection (c) of this section, a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly (1) transports, is about to transport, or has transported, monetary instruments of more than $ 10,000 at one time (B) to a place in the United States from or through a place outside the United States...

14.     The defendant currency was valued at $52,038 on June 25, 2013, and therefore meets the requirement specified in 31 U.S.C. § 5316(a)(1).

15.     The defendant currency was transported from Brasilia, in the country of Brazil, a place outside the United States, to Miami, Florida, a place inside the United States.

16.     A Report of International Transportation of Currency or Monetary Instruments (CMIR), which is filed on FinCen Form 105, is the form which is required to be filed when currency in excess of $10,000.00 is brought into the United States from a place outside the United States.

17.     A CP Form 503 is a currency reporting form that allows a person to declare currency at his entry into the United States.

18.     No FinCen Form 105 or CP Form 503 was filed with respect to the defendant currency.

19.     The defendant currency was involved in a violation of 31 U.S.C. § 5316.

20.     Based on the foregoing, the defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

SECOND ALLEGATION FOR FORFEITURE
(ATTEMPTED BULK CURRENCY SMUGGLING).

21.     Plaintiff realleges the factual allegations contained in paragraphs 5 through 14, above, as if fully set forth herein.

22.     31 U.S.C. § 5332(c) provides, "Any property involved in a violation of subsection (a) [bulk smuggling into or out of the United States] or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States."

23.     A violation of 31 U.S.C. § 5332(a) occurs when a person, "with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside  the United States or from a place outside the United States to a place within the United States."

24.     The defendant currency was concealed on the person and in luggage.

25.     The defendant currency was involved in a violation of 31 U.S.C. § 5332(a).

26.     Based on the foregoing, the defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5332(c)(1).

CONCLUSION

By reason of the foregoing, and pursuant to the provisions of 31 U.S.C. §§ 5317(c)(2) and 5332(c), the defendant currency as described herein has become and is forfeitable to the United States of America.

WHEREFORE, plaintiff, United States of America, requests the Court to declare the defendant currency condemned and forfeit to the United States of America, pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332 (c), and further requests the Court to direct any and all persons having any claim to the defendant currency, to file and serve their verified claims and answers as required by G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, or suffer default thereof, together with such other and further relief as may be just and proper.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    s/Karen E. Moore
       KAREN E. MOORE
       Assistant United States Attorney
       Court Id No. A5500043
       99 N.E. 4th Street
       Miami, Florida 33132
       TEL: (305) 961-9030
       FAX: (305) 536-7599
       Karen.Moore@USDOJ.gov

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury, that I have read the foregoing Complaint for Forfeiture In Rem and state that the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed this 22 day of March, 2016

SPECIAL AGENT PHILLIP MEDEROS
HOMELAND SECURITY INVESTIGATIONS